**SO ORDERED.**

**SIGNED this 01 day of February, 2007.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION**

IN RE:                                                                                          CASE NO.

BRENT BENNETT                                                                        06-02537-8-RDD

        DEBTOR

**ORDER LIFTING AUTOMATIC STAY RETROACTIVELY**

This matter is before the court on the motion of Columbia University ("Columbia") for relief from the automatic stay and to retroactively annul the stay. No response was filed by the debtor. The court, after reviewing Columbia's motion, finds that the automatic stay should be lifted retroactively.

The debtor filed a voluntary petition pursuant to chapter 13 of the Bankruptcy Code on August 18, 2006 at approximately 10:37 a.m. EDT. The Superior Court of the State of California for the County of Los Angeles in Case No. BC345094 ("state action") entered a Judgment of Dismissal on August 18, 2006 at a hearing which began at approximately 8:30 a.m. PDT. This state civil action was filed by the debtor, J.K. Idema and Counterr Group against Columbia on December 21, 2005 alleging defamation. In response to the plaintiffs' defamation action, Columbia filed a motion to strike the entire complaint as

asserted against Columbia. Included within the motion was a request for damages for Columbia's attorneys' fees and costs pursuant to the anti-SLAPP law of California.[1]

On May 15, 2006, in response to the motion filed by Columbia, the California court entered a tentative order allowing Columbia's motion to strike. At that time, Columbia was ordered to submit an application for attorneys' fees and costs for approval by the court. Columbia filed its application on July 27, 2006, and a hearing on the application was set for August 18, 2006 at 8:30 a.m. PDT. No response to the application was filed by the debtor and his co-plaintiffs prior to the response deadline set by the California court.

At the hearing on Columbia's application, the debtor's counsel moved for a continuance because of the alleged filing of the bankruptcy petition by the debtor. No evidence of the filing was offered to the California court, and the court denied the motion. No evidence was taken at the hearing and no argument

---

[1] CCP § 425.16 governs anti-SLAPP motions. SLAPP is an acronym for "Strategic Lawsuits Against Public Participation." CCP § 425.16(b)(1) states:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

CCP § 425.16(c) states:

> In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

was made by counsel concerning the award of attorneys' fees and costs. The court announced its calculation of the mandatory fees of $261,420.50 and costs of $24,104.20 awarded pursuant to state law. The court's final Judgment of Dismissal was entered on August 18, 2006 against the debtor, J.K. Idema, and Counterr Group.

Columbia first requests that the court find that the automatic stay was not in effect as to the actions of the California court pursuant to 11 U.S.C. § 362(b)(4), which provides that the automatic stay does not apply to:

> the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

However, Columbia has offered no evidence of the applicability of this statute to its action. There is no evidence that Columbia is an organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, nor is there evidence that Columbia was exercising any police and/or regulatory power in its action against the debtor for attorneys' fees and costs. Therefore, § 362(b)(4) is not applicable, and the court finds that the automatic stay was in effect at the time of the California court's ruling on August 18, 2006.

Columbia next requests that the court, pursuant to 11 U.S.C. § 362(d), lift and retroactively annul the automatic stay to validate the hearing on August 18, 2006 and the entry of the Judgment of Dismissal. In <u>Wiencko v. Ehrlich (In re Wiencko)</u>, 99 Fed.Appx. 466 (4th Cir. 2004), the Fourth Circuit Court of

Appeals found that § 362(d) does allow courts to annul the automatic stay retroactively for cause. Id. at 469. In order to determine if cause exists to do so, the court considered three factors:

> (1) whether the issues in the case involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

Id. In Wiencko, the court was faced with a situation very similar to the instant case. The debtors filed their petition eight days prior to the entry of an "Adjudication and Final Decree" in state court regarding a state law claim in favor of a former employee of the debtors. In that case, notice of the pending bankruptcy action was filed with the state court on the same day as the entry of the final judgment. In applying the three factors to that case, the court found that the issues involved only state law claims, judicial economy was promoted by annulling the automatic stay as the litigation had been lengthy and the final judgment was "only a formality," and there would be little harm to the debtor's estate if the automatic stay were lifted retroactively. Id. Therefore, the court allowed the automatic stay to be annulled retroactively so that the state court judgment was deemed to be effective and not in violation of the automatic stay. Id.

Like the Wiencko case, this case involves only state court issues, namely a state court statute designed to prevent the filing of frivolous lawsuits with regard to free speech. As explained previously, the final judgment entered by the California court against the debtor and co-plaintiffs was done so after the decision by the court to award attorneys' fees and costs had been rendered three months prior to the final judgment. The delay in judgment was merely to allow Columbia an opportunity to file an application for attorneys' fees and costs so that the court could determine the exact amount of the judgment. Since this

4

claim is not for a consumer debt, there was no co-debtor stay as to J.K. Idema and Counterr Group, so the California judgment against those co-plaintiffs has not been stayed and remains a valid judgment. Finally, as in the Wiencko case, there will be little harm to the debtor's estate caused by the retroactive annulment of the automatic stay. There is a pending trustee's motion to dismiss the debtor's case for failure to make plan payments, failure to attend the 341 meeting, and failure to file a plan. Further, the debtor completed his credit counseling course after the filing date, and has not demonstrated any exigent circumstances for not obtaining the credit counseling within the 180 days prior to the filing date.

Based on the foregoing, the motion of Columbia for lifting the automatic stay and for the retroactive annulment of the automatic stay is **ALLOWED**. The automatic stay as to Columbia University is hereby lifted retroactively to August 18, 2006 at 10:37 a.m. EDT or 7:37 a.m. PDT, and the Judgment of Dismissal and award of attorneys' fees and costs entered by the California court is valid. As a result, the debtor's motion for sanctions for willful violation of the automatic stay is moot and therefore is **DISMISSED**.

**SO ORDERED**.

**END OF DOCUMENT**