SO ORDERED.

SIGNED this 02 day of February, 2007.

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:                                              CASE NO.

BRENT BENNETT                                       06-02537-8-RDD

    DEBTOR

ORDER OF DISMISSAL

The matter before the court is the trustee's motion to dismiss the case of the debtor, Brent Bennett. A hearing was held in Fayetteville, North Carolina on February 1, 2007. The debtor filed a response to the trustee's motion and made a motion to continue by email, but failed to appear at the hearing of this matter. The court also received a motion by email, on the morning of the hearing, from Jack Idema, requesting to appear by telephone at this hearing and to allow attorney John Edwards Tiffany to appear *amicus curiae* to provide factual and physical evidence and further requesting a continuance of the hearing to allow the debtor and Mr. Idema time to prepare for the hearing.

With regard to Mr. Idema's motion, the court finds that Mr. Idema is identified by himself and the debtor as a codebtor as to Columbia University's claim against the debtor. The debt owed to Columbia University arises out of a state court judgment entered in the Superior Court of the State of California for

the County of Los Angeles. This action arose from a complaint filed by the debtor, Mr. Idema, and Counterr Group against Columbia University for defamation. The state court found that there was insufficient evidence to proceed with the plaintiffs' claims and awarded attorneys' fees and costs to Columbia University pursuant to the state's anti-SLAPP statute.[1] Mr. Idema seeks to object to the claim of Columbia University on the basis that it violated the automatic stay in pursuing its claim for attorneys' fees and costs to judgment. The debt to Columbia University is not a consumer debt, and therefore, Mr. Idema is not a codebtor as to the automatic stay within the meaning of the Bankruptcy Code. 11 U.S.C. § 1301. Mr. Idema therefore has no standing to bring this issue before the court, and his motion to be heard by telephone, for representation at the hearing on this matter, and for a continuance of this matter is **DENIED**.

The debtor filed a voluntary petition for relief pursuant to chapter 13 of the Bankruptcy Code on August 18, 2006. At the time of filing, the debtor was a prisoner in Afghanistan. The debtor was subsequently released from prison.

On October 13, 2006, in response to various motions filed by the debtor, the court entered an order denying, among other things, the debtor's request to be relieved from credit counseling and requiring the debtor to file a supplemental motion to waive the credit counseling requirement pursuant to 11 U.S.C. § 109(h) by October 31, 2006. The debtor never filed a supplemental motion. However, the debtor did file a certificate of credit counseling on October 31, 2006, indicating that the debtor completed the counseling on October 30, 2006. Section 109(h)(1) requires all debtors to complete credit counseling

---

[1] See this court's order entered on February 1, 2007 in this case for additional information regarding the state court action between the debtor and Columbia University.

2

*within the 180 days prior to the filing of the petition.* Section 109(h)(3) provides waiver of this requirement for any debtor who provides certification of exigent circumstances and a statement that credit counseling services were not available within five days after a request for services made by the debtor. Section 109(h)(4) provides an exemption from the requirement if the court finds that the debtor "is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." Because the debtor failed to provide evidence of the application of either § 109(h)(3) or § 109(h)(4) to his situation, he is not relieved from the requirements of § 109(h)(1), which include completion of the counseling prior to the filing of the debtor's petition.

The court's order of October 13, 2006 further provided for a continuance of the debtors meeting of creditors required by 11 U.S.C. § 341 to "the first available date in Fayetteville, North Carolina after October 31, 2006," which occurred on November 30, 2006. In an order dated December 6, 2006, the court again continued the debtor's meeting of creditors from November 30, 2006 "to the next available date in January 2007," which occurred on January 16, 2007. Both of these continuances were allowed in response to the debtor's allegations that he was still located outside of the United States, after being released from the Afghan prison. The debtor failed to appear at the meeting of creditors on January 16, 2007, and did not request a further continuance.

11 U.S.C. § 1326(a)(1) states, "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier . . . ." As mentioned previously, the debtor's case was commenced on August 18, 2006. He did not file a plan until October 2, 2006. The debtor's first payment was due on or before

3

September 17, 2006. The debtor has failed to make any plan payment, as required by § 1326. The debtor, in his response to the trustee's motion to dismiss, argues four points with regard to his failure to make plan payments:

> 1) In his petition and plan debtor asserts that his pay was withheld in violation of law since July 2004 (*i.e.:* Geneva Convention payments required by international law to debtor); 2) Debtor apprised the Court that he would not be able to make payments until after his return to the United States, and would start making those payments as soon as he was receiving pay again. 3) Debtor filed pleadings related to the delay of payments, which the Trustee neglected to respond to in the required time, and thereby waived his rights to object; 4) The Trustee seeks a determination which would violate international law. (*i.e.:* Article 113, *Part III, Status and Treatment of Protected Persons, Section IV, Chapter VIII of the* **Geneva Conventions of August 12, 1949** and specifically *Article 115*).

(footnotes omitted). The debtor, however, has provided no evidence that the protections of the Geneva Convention apply to him. In addition, § 1326 makes no exceptions to its requirements that payments begin within a 30-day period for the debtor's inability to make the payments.

Because these deficiencies in the debtor's case have been allowed to continue on for an unreasonable length of time and upon the recommendation of the trustee, the debtor's motion to continue is **DENIED**.

Based on the foregoing, the debtor's case is hereby **DISMISSED** pursuant to the following:

1. Failure to complete credit counseling prior to the filing of the petition. 11 U.S.C. § 109(h)(1) states:

    Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

The court notes that failure to comply with this requirement, alone, is sufficient grounds for dismissal of the debtor's case, and a continuance of the debtor's motion could not cure the debtor's failure to comply with this provision. The debtor was given sufficient opportunity to show any exigent circumstances which might delay or excuse the requirement to complete credit counseling within the 180 days prior to the filing of his petition. In fact, the court provided him this opportunity in both a letter from the court dated August 24, 2006 and by order of the court dated October 13, 2006.

2. Failure to attend the meeting of creditors. 11 U.S.C. § 341.

3. Unreasonable delay by the debtor that is prejudicial to creditors. 11 U.S.C. § 1307(c)(1).

4. Failure to file a plan timely under § 1321. 11 U.S.C. § 1307(c)(3).

5. Failure to commence making timely payments under § 1326. 11 U.S.C. § 1307(c)(4).

**SO ORDERED**.

**END OF DOCUMENT**